**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

MANITOWOC CRANES, LLC,

Plaintiff,

v.

SANY AMERICA, INC. and SANY HEAVY INDUSTRY Co., LTD.,

Defendants.

No. 13-cv-667-WCG

**UNITED STATES' ACKNOWLEDGEMENT OF RULE 5.1 NOTICE**

Plaintiff Manitowoc Cranes, LLC filed a notice under Federal Rule of Civil Procedure 5.1 alerting the U.S. Attorney General of a challenge to the constitutionality of a federal statute, 28 U.S.C. § 1659. *See* Fed. R. Civ. P. 5.1 (setting forth requirements for notice and certification of constitutional challenges to permit intervention). While the United States may intervene to defend the constitutionality of its statutes, *see* Fed. R. Civ. P. 5.1(c), the government believes that intervention would be premature at this time because the Court has not yet certified the constitutional question and may not reach it. *See* Fed. R. Civ. P. 5.1(b) ("The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned."); *Chasensky v. Walker*, 2012 WL 1287659, at *5 (E.D. Wis. Apr. 16, 2012) (stating that court "must certify" constitutional question where party had filed a notice of a constitutional challenge). The United States respectfully requests that, if the Court determines that the constitutional question is unavoidable, it notify the United States and afford the government the opportunity to intervene.

Section 1659, with some conditions, states that courts shall "stay . . . proceedings in [a] civil action with respect to any claim that involves the same issues involved in [a] proceeding before the [International Trade] Commission" until "the determination of the Commission becomes final." The Court entered a stay under § 1659, without objection, on July 17, 2013. Order, ECF No. 20. Plaintiff, now asking the Court to lift the stay, argues that § 1659 violates the separation-of-powers principles of the Constitution if it, in fact, requires a stay while a Commission determination is pending on appeal. Plaintiff's Brief in Support of Mtn. to Lift Stay, July 15, 2015, ECF No. 27, at 27. It relies primarily on a five-year-old unpublished order from the Western District of Texas in which a court expressed "doubt" about the constitutionality of § 1659, but did not hold that it was unconstitutional. *See Freescale Semiconductor, Inc. v. Zoran Corporation and Mediatek*, Case No: 1:11-cv-472-LY, Dkt. 20 (W.D. Tex., Aug. 25, 2011) (attached as Ex. C to Brief in Support of Mtn. to Lift Stay).

The Court may not need to reach the constitutional question regarding a stay of proceedings here pending the Federal Circuit appeal of the Commission investigation. It is well settled that a court should avoid resolving cases on constitutional grounds when possible. *E.g.*, *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable."). And the parties have offered several alternative bases on which the Court could rule, including that the Court should stay this case in the exercise of its discretionary power to control its docket, even absent a stay pursuant to § 1659. Opp'n to Mtn. to Life Stay, Aug. 10, 2015, ECF No. 29, at 10-16. Indeed, the *Freescale* court did something similar in the order cited by plaintiff, as it

ultimately stayed the case for a "reasonable period of time" on its "own motion." *See Freescale*, Case No: 1:11-cv-472-LY, ECF No. 20, at 2.

Because the Court may not reach the constitutional question (and, indeed, has yet to certify it, *see* Fed. R. Civ. P. 5.1(b)), the United States believes that intervention would be premature at this time. The approval of the Solicitor General is required before the United States may intervene in an action for purposes of defending the constitutionality of a federal statute, *see* 28 C.F.R. § 0.21, and obtaining Solicitor General approval can take several weeks. The United States is prepared to follow appropriate procedures and present this matter to the Solicitor General if, as the case proceeds, the Court determines that the constitutional question must be answered. The United States respectfully requests that, if the Court makes such a determination, it notify the United States and provide it with an opportunity to determine whether to intervene. *But see* Fed. R. Civ. P. 5.1(c) (explaining that courts may reject constitutional challenges without affording the United States an opportunity to intervene).

Dated: October 23, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

GREGORY J. HAANSTAD
Acting United States Attorney

ERIC R. WOMACK
Assistant Branch Director

/s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20530

Phone: (202) 514-5838
Fax: (202) 616-8202
justin.sandberg@usdoj.gov
*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2015, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Justin M. Sandberg*
JUSTIN M. SANDBERG