UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANITOWOC CRANES LLC,

    Plaintiff,

v.                                                          Case No. 13-CV-677

SANY AMERICA INC., and
SANY HEAVY INDUSTRY CO LTD.,

    Defendants,

UNITED STATES OF AMERICA,

    Interested party.

## ORDER DENYING MOTION TO LIFT STAY

Manitowoc filed this action against Sany America Inc., a Delaware corporation, and Sany Heavy Industry Co. Ltd., a Chinese corporation (collectively "Sany"), alleging infringement of two patents as well as trade secret misappropriation. The claims relate to a single accused product—Sany's SCC8500 Crawler Crane. Manitowoc alleges Sany hired Manitowoc's former employee, John Lanning, who proceeded to design the infringing crane using confidential technology pioneered by Manitowoc and thus misappropriated by Sany.

On the same day Manitowoc filed the complaint in this case, June 12, 2013, it also filed a complaint with the United States International Trade Commission (ITC) naming both Sany defendants as respondents. The ITC complaint requested that the ITC commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337. Section 337 provides for civil penalties and other remedies for unfair practices in import trade, including the

importation, sale for importation, or sale within the United States after importation, of articles that infringe valid United States patents, § 1337(a)(1)(B)(i), as well as common law forms of unfair competition including trade secret misappropriation in connection with the importation or sale of articles, § 1337(a)(1)(A); *TianRui Gropu Co. Ltd. v. Int'l Trade Com'n*, 661 F.3d 1322, 1327 (Fed. Cir. 2011). The ITC initiated an investigation under Section 337 on July 11, 2013.

On July 16, 2013, Sany moved to stay proceedings in this case under 28 U.S.C. § 1659. The motion was based on the fact that the Sany defendants were also respondents in the ITC investigation and the same patent and trade secret issues were involved in both proceedings. Sany argued the stay was sought early in the proceedings, that it would simplify the issues and trial in this case, and that the stay would not unduly prejudice or tactically disadvantage Manitowoc. Manitowoc did not oppose the motion. On July 17, 2013, the court entered an order staying the case pending resolution of the ITC investigation. ECF No. 20.

On July 15, 2015, Manitowoc filed a motion to lift the stay. In support of the motion, Manitowoc notes that the ITC issued an opinion on April 16, 2015 finding Sany infringed one of Manitowoc's patents and misappropriated several of Manitowoc's trade secrets. Pursuant to that determination and 19 U.S.C. § 1337(d), the ITC also issued a limited exclusion order providing, among other things, that Sany products using Manitowoc's trade secrets are excluded from entry into the United States for a period of ten years, and that Sany products covered by the asserted claims of Manitowoc's patent are excluded from entry into the United States for the life of the patent. ECF No. 28-2 at 2. The ITC also issued a cease and desist order pursuant to § 1337(f) providing that Sany America is prohibited from importing, selling, marketing, etc. cranes or components thereof made using the misappropriated trade secrets. ECF No. 28-5.

2

Manitowoc returns to this court seeking an order lifting the stay so that Manitowoc can pursue injunctive relief and damages not available in the ITC forum related to its trade secret misappropriation claims. Manitowoc does not intend to pursue its patent infringement claims at this time and states that it intends to dismiss those claims without prejudice once the stay is lifted.

The statute under which this case is currently stayed provides:

In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, *until the determination of the Commission becomes final*, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within--

    (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or

    (2) 30 days after the district court action is filed,

whichever is later.

28 U.S.C. § 1659(a). The purpose of this statute "is to prevent separate proceedings on the same issues occurring at the same time." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

Manitowoc argues the ITC's determination "became final" for purposes of section 1659 when the determination became appealable to the Federal Circuit. Here, the ITC orders were issued April 16, 2015 and became appealable 60 days thereafter, following a presidential review period. *See* 19 C.F.R. § 210.49(d) ("the Commission's action . . . shall become final the day after the close of the 60–day period or the day the President notifies the Commission of his approval, as the case may be.") & 19 U.S.C. § 1337(c) ("Any person adversely affected by a final determination of the Commission under subsection (d), (e), (f), or (g) of this section may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit

3

for review in accordance with chapter 7 of Title 5."). Thus, despite the fact that Sany has appealed the ITC's decision to the Federal Circuit and the appeal is pending, Manitowoc argues that section 1659 does not apply. Manitowoc further argues that a stay pending the appeal is not otherwise warranted under the general balancing test for granting such stays, particularly given that Sany is an adjudged misappropriator of Manitowoc's trade secrets. Manitowoc argues it will suffer irreparable harm if the case remains stayed because (among other reasons) the ITC orders do not prevent Sany from exploiting Manitowoc's trade secrets in connection with products not imported into the United States nor from destroying Manitowoc's trade secrets through publication or other public disclosure.

The problem with Manitowoc's argument—and it seems to this court to be an insurmountable problem—is that the Federal Circuit has interpreted the language of section 1659 as both mandatory and applicable through the appeal process. In *In re Princo Corp.*, the Federal Circuit stated unequivocally: "We thus conclude that § 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review." 478 F.3d at 1355. This decision was based on the text of the statute: the "becomes final" language that appears in section 1659 also appears in the federal habeas statute, 28 U.S.C. § 2255, and finality has consistently been understood by the Supreme Court in the habeas corpus context to mean the time after appellate review has expired. *Id.* at 1354. The decision was also based on the purpose of the statute and the notion that Congress would not have intended to mandate "on-again, off-again stays" that would result if the statute only applied where there were proceedings before the ITC but not while such proceedings were on appeal. *Id.* at 1355.

It is also noteworthy that *Princo* was an action for mandamus. The Federal Circuit granted a writ of mandamus against a district court that had declined to stay the case under section 1659.

4

*Id.* at 1357 ("The petition for writ of mandamus is granted. The district court is directed to stay its proceedings under 28 U.S.C. § 1659 until Commission proceedings on the same issues are final, including any appeals. The stay shall be retroactive to May 2, 2006, and all district court orders issued after that date are therefore vacated."). The Federal Circuit noted that the exercise of its mandamus jurisdiction was appropriate given that a "traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been *to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction.*" *Id.* at 1351 (emphasis added) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)). Moreover, the court explained, citing Seventh Circuit law, that it had supervisory authority over all cases that would be otherwise appealable to the Federal Circuit. *Id.* at 1351–52 (citing *In the Matter of BBC Int'l, Ltd.*, 99 F.3d 811 (7th Cir. 1996)).

This case includes patent claims and therefore would be appealable to the Federal Circuit. Although Manitowoc states that it will move to dismiss the patent claims, the only way such a motion could be granted would be to lift the stay. In light of foregoing, however, this court is not free to do so. The court cannot disregard the Federal Circuit's clear holding that section 1659 mandates a stay of proceedings in the district court through the appeal process.

Manitowoc makes several other arguments with respect to section 1659 that are ultimately not persuasive. Citing the legislative history of section 1659 relating to patent infringement claims against importers, Manitowoc argues that the statute "should not be extended" to apply to trade secret cases. The text of the statute makes no such distinction, however. 28 U.S.C. § 1659(a) ("the district court shall stay . . . proceedings in the civil action with respect to *any claim* that involves the same issues involved in the proceeding before the Commission . . ."). And the trade secret issues

5

here are undisputedly subject to Sany's pending appeal.

Manitowoc also argues that section 1659, to the extent it does impose a mandatory stay, is unconstitutional "because it abrogates or renders inoperable the district court's power to exercise its discretion." Pl.'s Br. 27, ECF No. 27. The only authority for this proposition is a two-page Western District of Texas order in which the court wrote:

> Having reviewed the motion [to stay proceedings] and the applicable law, the Court doubts the constitutionality of Section 1659(a)'s requirement that a district court "shall stay" a case. Such provision appears to go beyond the legislative powers granted to Congress under Article I of the U.S. Constitution. *See* U.S. Const. art. I, §§ 1, 8; *Hayburn's Case*, 2 U.S. (2 Dall.) 408, 410 (1792) ("no decision of any court of the United States can, under any circumstances, in our opinion, agreeable to the constitution, be liable to a revision, or even suspension, by the legislature itself, in whom no judicial power of any kind appears to be vested, but the important one relative to impeachments"). However, the Court does not so hold at this time.
> The Court will deny the motion to stay, but, on its own motion, will stay this cause for a reasonable period of time.

ECF No. 28-3 at 2. Thus, the district court did not actually refuse to stay the case, but it did decline to do so under section 1659.

This court does not share the same "doubts" as to the constitutionality of the statutory stay. *Hayburn's Case* involved a law assigning non-judicial duties to the federal circuit courts in their official capacities. The case was mooted while it was under advisement and the Supreme Court never rendered judgment as to the constitutionality of the law in question, but the case has nevertheless come to be understood as "stand[ing] for the principle that Congress cannot vest review of the decisions of Article III courts in officials of the Executive Branch." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995). In *Plaut*, the Supreme Court struck down on separation-of-powers grounds a law requiring that federal courts re-open final judgments. Citing *Hayburn's Case*, the Court held that such a law exceeded the powers of Congress. *Id.* at 225–26. But section 1659 is of

an entirely different kind than the laws at issue in *Hayburn's Case* and *Plaut*. It does not purport to reverse or suspend any judgment of a federal court; it merely dictates when one federal court may not exercise judicial power over a matter pending before an agency over which judicial review resides in another federal court. The statute's obvious goal is the efficient use of resources, and since review of ITC proceedings is before the United States Court of Appeals, it does not violate the separation of powers doctrine. Indeed, statutes imposing mandatory stays of proceedings in federal court are not uncommon. *See* 9 U.S.C. § 3 (stating court "shall" stay trial of action pending arbitration in accordance with terms of a valid arbitration agreement) & 11 U.S.C. § 362 (providing for automatic stay of certain proceedings upon filing of bankruptcy petition).

For all of these reasons, Manitowoc's motion to lift the stay is **DENIED**. As stated in the order staying the case, the defendants shall file a report advising the court of the status of the case every six months unless and until the matter is reopened.

The court also certifies to the Attorney General pursuant to Federal Rule of Civil Procedure 5.1(b) that the constitutionality of 28 U.S.C. § 1659(a) has been questioned. Pursuant to that rule, the United States has 60 days to intervene in this action, but because the court rejects the constitutional challenge, the court denies Manitowoc's motion at this time. Fed. R. Civ. P. 5(c). (The United States received notice pursuant to Rule 5.1(a) from Manitowoc, and has filed a preliminary response to the notice and entered an appearance in this case as an interested party. Thus, a Notice of Electronic Filing will be generated via CM/ECF and the United States will electronically receive a copy of this order.)

Dated this  9th  day of November, 2015.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court