UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANITOWOC CRANES LLC,

    Plaintiff,

v.                                                               Case No. 13-C-677, 15-C-647

SANY AMERICA INC. and
SANY HEAVY INDUSTRY CO., LTD.,

    Defendants.

## DECISION AND ORDER

Plaintiff Manitowoc Cranes LLC brought this action against Defendants Sany America Inc. and Sany Heavy Industry Co. Ltd. (collectively "Sany"), asserting Sany misappropriated its trade secrets. In ruling on Manitowoc's motion for summary judgment, the court concluded the Internal Trade Commission's ("ITC") determination that Sany misappropriated Manitowoc's trade secrets has preclusive effect in this action. As a result, Sany is precluded from relitigating issues regarding Manitowoc's misappropriation of trade secret claim and is liable for trade secret misappropriation under Wisconsin law. Sany has filed a motion to amend the court's order to include a certification under 28 U.S.C. § 1292(b) and to stay proceedings. For the reasons stated below, Sany's motion will be denied.

## BACKGROUND

Manitowoc, an innovator of crawler crane technology, complains that Sany misappropriated eight of its trade secrets and tortiously interfered with its employee's contract in violation of Wisconsin law. In 2013, Manitowoc raised similar misappropriation claims against Sany in an action before the ITC. *See In the Matter of Certain Crawler Cranes and Components Thereof*, No. 337-

TA-887. The ITC found that Sany had violated the Tariff Act by misappropriating Manitowoc's protectable trade secrets and infringing one of Manitowoc's patents. Upon the conclusion of the ITC proceedings, the court reopened this case in December 2016.

As noted above, Manitowoc filed a motion for summary judgment, requesting that the court find that Sany is liable for trade secret misappropriation and enter summary judgment against Sany's declaratory judgment counterclaims. In support of the motion, Manitowoc argued the ITC's determination that Manitowoc's trade secrets were protectable and that Sany misappropriated those trade secrets have preclusive effect in this litigation. The motion was granted to the extent that Sany is precluded from relitigating issues regarding the misappropriation claims and is therefore liable for trade secret misappropriation under Wisconsin law. The court also granted Manitowoc's motion with respect to counts one through six of Sany's counterclaims but denied the motion as to counts seven and eight of the counterclaims.

**ANALYSIS**

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). The invocation of § 1292(b) must be limited to "exceptional cases" in which an appellate decision "may obviate the need for protracted and expensive litigation . . . ." *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (E.D. Wis. 1985). Before a district court certifies an order for immediate appellate review, the following statutory requirements must be satisfied: "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Development*, 291 F.3d 1000, 1007 (7th Cir. 2002) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)). Although

the district court must certify an issue or issues before an interlocutory appeal may be taken, "an appeal under § 1292(b) brings up the whole certified order, rather than just the legal issue that led to certification." *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 609 (7th Cir. 2000) (internal citation omitted).

Here, the question of law Sany requests that the Seventh Circuit review, namely whether an ITC determination of trade secret misappropriation has preclusive effect in subsequent district court litigation, is not contestable because it is not an issue for which "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The fact that this is an issue of first impression and has not been addressed in this or any other circuit in itself does not demonstrate a substantial ground for difference of opinion. *In re Demert & Dougherty, Inc.*, No. 01-cv-7289, 2001 WL 1539063, at *6 (N.D. Ill. Nov. 30, 2001) ("[T]he mere lack of judicial precedent on the issue does not establish substantial ground for difference of opinion."); *Hollinger Intern., Inc. v. Hollinger, Inc.*, No. 04-C-0698, 2005 WL 327058, at *3 (N.D. Ill. Feb. 3, 2005) ("The movant thus may not prevail by simply showing a 'lack of judicial precedent' or that the issue is one of first impression."). Indeed, Sany must demonstrate that there are "conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F. Supp. 2d 903, 909–10 (S.D. Ind. 2002).

Sany relies on *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996), to support its position that there is a substantial ground for difference of opinion. But as this court stated in its December 11, 2017 decision and order, *Texas Instruments* is distinguishable from the instant case. Again, in that case, the Federal Circuit concluded ITC decisions on *patent* issues do not have preclusive effect in subsequent litigation. *Id.* at 1568. Yet, *Texas Instruments* has no bearing on the preclusive effect of other ITC determinations. This decision is therefore not

3

a substantially conflicting authority that presents a basis for a substantial likelihood of reversal. Sany further challenges the preclusive effect of the ITC's determination on Manitowoc's trade secret misappropriation claims under state law, though it has not presented any conflicting positions or authority regarding the issue with respect to Wisconsin law. In short, Sany has failed to establish that the question of law at issue here is contested.

Sany also fails to show how a permissive interlocutory appeal would advance the ultimate termination of this lawsuit. Sany asserts that an interlocutory appeal would avoid potentially unnecessary and wasteful pre-trial and trial proceedings. Defs.' Br. at 9–10, ECF No. 14. Even if the Seventh Circuit considers the issue, a resolution favorable to Sany would not extinguish any of Manitowoc's claims. A trial on damages and Sany's counterclaims is inevitable. Sany has not demonstrated that permitting the interlocutory appeal will materially advance this lawsuit. In sum, Sany has not shown that this is an exceptional case in which § 1292(b) should be invoked for an interlocutory appeal.

## CONCLUSION

The statutory criteria of § 1292(b) are not met. Therefore, Sany's motion to amend the court's December 11, 2017 decision and order to include a certification under 28 U.S.C. § 1292(b) and to stay proceedings (ECF No. 82) is **DENIED**. The Clerk is directed to set the matter for a telephonic status conference.

Dated this   29th   day of January, 2018.

                                                     s/ William C. Griesbach
                                                   William C. Griesbach, Chief Judge
                                                   United States District Court